UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 08-81211-CIV-DIMITROULEAS

VISION I HOMEOWNERS ASSOCIATION,
INC., a Florida non-profit corporation,

    Plaintiff,

vs.

ASPEN SPECIALTY INSURANCE COMPANY,
a North Dakota corporation, and JAMES RIVER
INSURANCE COMPANY, an Ohio corporation,

    Defendants.
_____/

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANT ASPEN SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT [D.E. 83]**

Plaintiff, Vision I Homeowners Association, Inc. ("Vision I"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 7.5.C., respectfully submits its Statement of Material Facts in Opposition to Defendant Aspen Specialty Insurance Company's Motion for Summary Judgment (D.E. 83), and states as follows:

    6.    Vision I sustained damage as a result of Category 2 Hurricane Wilma, which occurred on October 24, 2005. Hurricane Wilma was the most intense hurricane ever recorded in the Atlantic basin, and the third costliest storm to hit the United States mainland. Hurricane Wilma was 1 knot below a Category 3 hurricane when it left the Florida Peninsula over Jupiter, Florida, at about 11:00 a.m. on October 24, 2005. At that time, Hurricane Wilma's sustained winds were estimated at 109 mph. A sustained wind of 82 mph and a gust to 114 mph were also

Case No. 08-81211-CIV-DIMITROULEAS
*Plaintiff's Statement of Material Facts in Opposition to Defendant Aspen Specialty Insurance Company's Motion For Summary Judgment [D.E. 83]*

measured at the Jonathan Dickinson Missile Tracking Annex, about 11 miles north of Vision I. (Dr. Lee Branscome's Expert Report;  D.E. 66-10, p.1-2, and report of Aspen's "Experts" Daniel W. Heyer, PE and Richard Luethje, PE, copy attached as ***Exhibit A***.)

9.   Hurricane Frances caused minor damage to the Vision I property in 2004. (B.McWilliams Depo.; D.E. 80-5, p.15).

11.   Hurricane Jeanne caused minor damage to the Vision I property in 2004, similar to the damage caused by Hurricane Frances.  (B.McWilliams Depo.; D.E. 80-5, p.17-18).

12.   Some of the damages caused by Hurricanes Frances and Jeanne were repaired before Hurricane Wilma struck.  (B.McWilliams Depo.; D.E. 80-5, p.15, 18-19).  Vision I did not make any insurance claims from Hurricanes Frances and Jeanne because the damages caused by those storms were minor.  Id.

14.   Vision I reported a "property wide damage claim" to Aspen in July of 2006 and requested that it conduct a "property wide" inspection.  (D.Palmieri Depo., p.128-129, 155); (D.Palmieri Depo., D.E. 90-2 and 90-3, p.128-129, 155). Aspen refused to conduct a "property wide" inspection of Vision I's damages pursuant to its request.  Id.

16.   On September 21, 2006, Aspen sent a letter to Vision I denying its insurance claim.  9/21/06 letter; (A. Anniello Depo.; Ex. D, p.45-47).

17.   A satisfactory loss control report of Vision I's property was conducted by Aspen, and it was aware of the condition of Vision I's property when it issued an insurance policy to Vision I for the period of 5/10/05-05/10/06.  (D.E. 1, p.26-28).  (Hope Depo.; Ex. C, p. 60).

19.   Nothing in the Aspen insurance policy requires Vision I's individual unit owners to create new documents requested by the insurance company.  (D.E. 1, p.42-43).

Case No. 08-81211-CIV-DIMITROULEAS
*Plaintiff's Statement of Material Facts in Opposition to Defendant Aspen Specialty Insurance Company's Motion For Summary Judgment [D.E. 83]*

20. Vision I's unit owners did not complete Aspen's "survey" because it was flawed and unduly suggestive. (B.Oakes Depo.; Ex. E, p.92-93, 255-260.)

21. There was no difficulty in assessing or determining the damages to the Vision I property, or otherwise attributing those damages to Hurricane Wilma. (M.Phillips Aff.; D.E. 90-5, p.4).

22. Aspen has "most certainly" evaluated claims without utilizing unit owner surveys. (A.Anniello Depo.; Ex. D, p.32-33).

24. Vision I contests Mr. Palmieri's statement that ACM did not receive Vision I's October 26, 2007 Sworn Proof of Loss until November 2, 2007.

25. Aspen's August 30, 2007 letter requested Vision I to supply each unit owner with a copy of Aspen's unit owner survey (D.E. 84-4, p.13), but nothing in the Aspen insurance policy requires Vision I's individual unit owners to complete such a document. (D.E. 1, p.42-43).

26. Aspen's December 26, 2007 letter requested a copy of each individual unit owner's personal insurance policy declarations page and a signed unit owner survey. (D.E. 84-4, p.22). Aspen's letter did not state the specific provisions of its insurance policy that required individual unit owners to produce personal documents and sign unduly suggestive surveys created by Aspen. Id. The Aspen insurance policy does not require Vision I's individual unit owners to produce and create documents requested by the insurance company. (D.E. 1, p.42-43).

29. Vision I's unit owners were instructed not to complete the Aspen survey forms because they were ambiguous, confusing, and unduly suggestive. (B.Oakes Depo.; Ex. E, p.92-93, 255-260.

Case No. 08-81211-CIV-DIMITROULEAS
*Plaintiff's Statement of Material Facts in Opposition to Defendant Aspen Specialty
Insurance Company's Motion For Summary Judgment [D.E. 83]*

34. Vision I's public adjuster, Brian Oakes, distributed his own basic, non-suggestive questionnaire to the individual unit owners. If a unit owner reported hurricane damage on the questionnaire, Mr. Oakes asked the unit owners follow-up questions to determine which hurricane caused the damage. (B.Oakes Depo.; Ex. E, p.262-268). Vision I disputes the statement contained in paragraph 34 of Aspen's Statement of Undisputed Facts.

35. Mr. Oakes did not testify about any "valid information needed by Aspen Specialty in adjusting the claim." (B.Oakes Depo.; Ex. E, p.265-266).

36. Mr. Oakes never testified about the sufficiency of the information contained in the questionnaire he submitted to the unit owners. (B.Oakes Depo., Ex. E, p.265-266).

40. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

41. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

42. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

43. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

44. Vision I contests the statements of Aspen's counsel, William Wallis, and contends that Mr. Greenfield's during the EUO speaks for itself. (Greenfield EUO; Ex. F).

45. Vision I contests the statements of Aspen's counsel, William Wallis, and contends that Mr. Greenfield's during the EUO speaks for itself. (Greenfield EUO; Ex. F).

Case No. 08-81211-CIV-DIMITROULEAS
*Plaintiff's Statement of Material Facts in Opposition to Defendant Aspen Specialty Insurance Company's Motion For Summary Judgment [D.E. 83]*

46. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

47. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

48. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

49. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

50. Vision I contests the statements of Aspen's counsel, William Wallis, until it has the opportunity to depose him regarding his statements.

51. Even though Mark Phillips' inspection was conducted more than two years after Hurricane Wilma, there were "no issues with assessing or determining the damages to the Vision I property, or otherwise attributing those damages to Hurricane Wilma." (M.Phillips Aff.; D.E. 90-5, p.4).

52. The insurance company was not prejudiced by the fact that Mr. Phillips' inspection was conducted more than two years after Hurricane Wilma. (M.Phillips Aff.; D.E. 90-5, p.4).

*(Certificate of Service to follow)*

Case No. 08-81211-CIV-DIMITROULEAS
*Plaintiff's Statement of Material Facts in Opposition to Defendant Aspen Specialty Insurance Company's Motion For Summary Judgment [D.E. 83]*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 7, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        KATZMAN GARFINKEL ROSENBAUM, LLP
        Counsel for Plaintiff
        One Clearlake Centre
        250 Australian Avenue South, Suite 500
        West Palm Beach, Florida 33401
        (561) 653-2900; Facsimile No. (561) 820-2542
        drosenbaum@kgrlawfirm.com
        mkeegan@kgrlawfirm.com
        rvaluntas@kgrlawfirm.com

        BY:  /s/ Mark G. Keegan_____
             DANIEL S. ROSENBAUM
             Florida Bar No. 306037
             MARK G. KEEGAN
             Florida Bar No. 503371
             RICHARD VALUNTAS
             Florida Bar No. 0151084

Case No. 08-81211-CIV-DIMITROULEAS
*Plaintiff's Statement of Material Facts in Opposition to Defendant Aspen Specialty Insurance Company's Motion For Summary Judgment [D.E. 83]*

**Service List:**

William L. Wallis, Esq.
Gina G. Smith, Esq.
Max G. Factor, Esq.
Butler Pappas Weihmuller Katz Craig, LLP
3600 Maclay Boulevard, Suite 101
Tallahassee, Florida 32312
Telephone:  (850) 894-4111
Facsimile:  (850) 894-4999
wwallis@butlerpappas.com
gsmith@butlerpappas.com
mfactor@butlerpappas.com
*Attorneys for Aspen Specialty Insurance Company*

Richard M. Dunn, Esquire
Anaysa Gallardo, Esquire
Cozen O'Connor
Wachovia Financial Center, Suite 4410
200 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone:  (305) 704-5940
Facsimile: (305) 704-5955
rdunn@cozen.com
agallardo@cozen.com
*Attorneys for James River Insurance Company*

732051